IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONELL PATRICE BRANTLEY, SR., et al. | : | CIVIL ACTION |
| | : | |
| | : | No. 17-606 |
| v. | : | |
| | : | |
| AMERICAN STAR BOOKS/PUBLISH AMERICA, et al. | : | |
| | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                                          **November 8, 2019**

Pro se Plaintiffs Donell Patrice Brantley, Sr. and Tyrone Taylor Benn filed this action pursuant to 42 U.S.C. § 1983 seeking royalties and damages against Amazon because it sold Brantley's book without permission. After Amazon was served, it failed to appear in this action, and Plaintiffs sought default judgment. The Court denied default judgment and expressed doubt as to Plaintiffs' § 1983 claim against Amazon—a private entity, and the Court's jurisdiction. The Court ordered Plaintiffs to file amended complaint stating the Court's personal jurisdiction over Amazon, the Court's subject matter jurisdiction over the action, the specific cause of action, and the facts underlying the cause of action. Because Plaintiffs have not filed an amended complaint to date, the Court dismisses this action with prejudice for failure to prosecute.

**BACKGROUND**

Plaintiffs filed this action against Defendants American Star Books/Publish America (American Star), Director of American Star Books Jackie Velnosky, and Amazon Corporation (Amazon). This action arises out of American Star's agreement to publish Brantley's book, *The Symbol: The Extra Footage*. Brantley alleges after American Star published his book, it "severed all ties" with him and "refused to pay him royalties" but continued distributing his work to third

parties, like Amazon. Compl. 3. Plaintiffs seek royalties and damages in the amount of $11,500,000.00.

On November 1, 2017, the Court issued an Order granting Plaintiffs' applications to proceed in forma pauperis and ordered the Clerk of Court to serve written waiver requests on Defendants to effectuate service. The Order further stated that if Defendants failed to submit a signed waiver within the time permitted, the Clerk of Court would issue summonses and transmit them and a copy of the Complaint to the United States Marshals Service for immediate service pursuant to Federal Rule of Civil Procedure 4(c). Defendants failed to waive service, and on November 17, 2017, the summonses were forwarded to the Marshals Service.

On June 1, 2018, the Clerk's Office updated the docket to show that Amazon had been served on April 4, 2018. Plaintiffs filed a request for entry of default against all three Defendants on June 13, 2018, and the Clerk entered Amazon's default that same day. Plaintiffs filed a Request for Judgment on August 29, 2018, seeking $11,500,000.00 in damages. In November 2018, Plaintiff Benn filed a notice of his change of address. On January 17, 2019, Plaintiffs filed a notice that the summonses for American Star Books/Publish America and Jackie Velnosky were returned unexecuted.

On February 5, 2019, the Court ordered Plaintiffs to show cause why the action should not be dismissed for failure to serve as to Defendants American Star and Velnosky. *See* Order, Feb. 5, 2019, ECF No. 34. Plaintiffs filed no response to this Order. Because American Star and Velnosky were not served, and Plaintiffs failed to provide the Marshals Service with the information to effectuate service, the Court issued an Order dismissing the claims against those two Defendants for failure to serve. *See* Order, May 13, 2019, ECF No. 36. Thus, the Request for Judgment remained solely against Amazon.

On September 24, 2019, the Court denied Plaintiffs' Request for Judgment and ordered Plaintiffs to file an amended complaint within 30 days. *See* Order, Sept. 24, 2019, ECF No. 37. The Court directed Plaintiffs to include in the amended complaint explicit statements regarding (1) the Court's personal and subject matter jurisdiction over Amazon and the claims against Amazon, (2) the specific cause of action against Amazon, and (3) specific facts underlying Amazon's liability. *See* Order, Sep. 24, 2019, ECF No. 37. To date, Plaintiffs have not filed an amended complaint in compliance with the Court's Order.

**DISCUSSION**

Federal Rule of Civil Procedure 41 permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with th[e] [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). Ordinarily, before dismissing a case as a sanction for a party's litigation conduct, a court is required to evaluate the factors identified by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). "When a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007); *see also McLaren v. N.J. State Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012).

It is questionable whether an analysis of the *Poulis* factors is required in this case, given Plaintiffs' failure to respond to the Court's Orders or to communicate with the Court in any way since January 2019, when Plaintiffs filed the unexecuted summonses against American Star and Velnosky. Even assuming a *Poulis* analysis is required, five factors weigh in favor of dismissal.

Five *Poulis* factors—the extent of Plaintiffs' personal responsibility, a history of dilatoriness, willfulness/bad faith, effectiveness of alternative sanctions, and the merit of Plaintiffs' claims—weigh in favor of dismissal. First, throughout the entirety of this action, Plaintiffs have proceeded pro se and their failure to comply is attributable only to them. Second, it has been more than two years since Plaintiffs filed this action and more than nine months since they made any communication with the Court. Plaintiffs have failed to comply with two Court orders requesting them to show cause why two Defendants should not have been dismissed for failure to serve or to file an amended complaint as to Amazon. As to willfulness, Plaintiffs' filing of their Request for Judgment and change of address suggests they have received the Court's notices and any failure to respond is purposeful. Fourth, this is not a case in which alternative sanctions such as fines, costs, or attorneys' fees are available, given Plaintiffs' in forma pauperis status. Finally, the Court expressed doubt in its September 24, 2019, Order over the merit of Plaintiffs' claims against Amazon. Specifically, whether Plaintiffs could assert a 42 U.S.C. § 1983 claim against a private entity, and whether the Court had personal or subject matter jurisdiction over any claim against Amazon. *See* Order, Sep. 24, 2019, ECF No. 37.

The remaining factor is neutral; there is likely no prejudice to Amazon because it has not appeared in this action despite this Court's direction to mail notices to its legal department. Mindful that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint," *Mindek v.*

*Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), because Plaintiffs have failed to comply with the Court's Orders, the *Poulis* factors weigh in favor of dismissal.

**CONCLUSION**

In sum, Plaintiffs have not asserted a cognizable claim against Amazon and have failed to comply with this Court's Orders. Accordingly, this action is dismissed with prejudice for failure to prosecute.

BY THE COURT:

 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.